IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MANUEL ROMERO-GERMAN,

                        Petitioner,

    v.

CAROL HOLINKA,

                        Respondent.

OPINION and ORDER

09-cv-44-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, contends that 40 days of his good time credits were revoked without due process of the law when he was sanctioned for introducing drugs into the prison without sufficient evidence to establish his guilt. Petitioner has paid the $5 filing fee. He alleges that he has exhausted all administrative remedies and has attached copies of the exhaustion materials to his petition.

      Because petitioner's allegations show that his sanction was supported by adequate evidence, he has failed to show that he is in custody in violation of the Constitution or laws of the United States as required under § 2241. Therefore, the petition will be denied and the case dismissed.

1

The following allegations of fact are drawn from the petition, the brief in support and the documents attached.

ALLEGATIONS OF FACT

On July 15, 2008, petitioner Manuel Romero-German was served an incident report charging him with "introduction of narcotics, marijuana and related paraphernalia." In the incident report, the reporting officer states that during monitored telephone calls occurring on April 10, 17, 18, 22 and 25, 2008, petitioner "coordinated a drug transaction between three individuals on the streets" and further that "[t]he individual receiving the narcotics on the streets was linked to another inmate housed at this facility, who introduced narcotics into the facility." In addition, the incident report stated that a note that had been recovered from petitioner's cell written by petitioner to another inmate telling him "to be careful because it looked like he was real 'high'" and stating that petitioner was "not going to sell anything until they got out." The report identified the visiting room as the "place of the incident."

A disciplinary hearing officer held a hearing on the matter on July 23, 2008 and found petitioner guilty of the charge. Petitioner was sentenced to a loss of 40 days' good time, 60 days' disciplinary segregation, a loss of visits for 365 days and a loss of commissary privileges for two months. In the disciplinary hearing officer's report, she describes the evidence she considered to make her findings, which included the incident report,

"confidential" transcripts of petitioner's telephone conversations in which he "coordinat[ed] drug transactions," a "pin/pan" report showing petitioner's pin number was used to make the transcribed phone calls and a "confidential" copy of the note petitioner wrote to another inmate. The report explains that petitioner was not provided copies of the transcript or note and that petitioner's defense at the hearing was, "It's not true."

OPINION

A prisoner's challenges to good-time credits lost are properly raised under 28 U.S.C. § 2241, as petitioner has done here. Jackson v. Carlson, 707 F.2d 943, 946 (7th Cir. 1983). Under § 2241, district courts may grant relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." In this case, petitioner contends that his loss of good time will result in his being in custody in violation of the Fifth Amendment's due process clause, which guarantees federal inmates certain minimum procedural safeguards in connection with disciplinary hearings.

When the loss of good-time credit is a possible sanction for a disciplinary infraction, an inmate must receive the following procedural safeguards in connection with prison disciplinary proceedings in order to satisfy the requirements of due process: "'(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder

3

of the evidence relied on and the reasons for the disciplinary action.'" McPherson v. McBride, 188 F. 3d 784, 785-86 (7th Cir. 1999) (quoting Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985)).  In addition, the findings of the factfinder must have the support of "some evidence in the record."  Hill, 472 U.S. at 454. This requirement may be met with even "meager proof . . . so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."  Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

     Petitioner argues that there is insufficient evidence in the record to support the finding that he was guilty of introducing drugs into the institution because the evidence does not tie him to the drugs actually introduced into the institution.  Petitioner points out that the phone calls the hearing examiner discussed only "activity on the streets" and that he never visited any visiting room, although the incident report lists a visiting room as the "place of incident" (presumably the place where the drugs were physically introduced into the institution).  However, these arguments ignore the evidence that petitioner was the start of a chain of incidents that resulted in the introduction of drugs: the incident report stated that petitioner arranged a drug deal on the street and that the recipient of those drugs was "linked" to the inmate who introduced the narcotics into the institution and the note petitioner wrote to another inmate indicated that he had something to sell but would not sell it until they "got out."

4

Likewise, although petitioner argues that the note he wrote "does not in any way discuss introduction of contraband as can be seen from the face of it," it does help tie up the chain by suggesting that he was controlling activities related to drugs on the inside, including possessing drugs with the purpose of selling them. In short, although petitioner's connection to the actual introduction of drugs was less than direct, the evidence on the record supports the hearing officer's finding that petitioner was to blame for it.

Petitioner raises two other objections, less about the sufficiency of the record and more about his ability to present his defense. Petitioner takes issue with the fact that the incident report did not include more details regarding the identity of the person who introduced the narcotics because it made "mounting a defense to the charge impossible." Not so. Petitioner does not need to know who was responsible for the actual introduction in order to argue that he had nothing to do with it; indeed, that is exactly what he did.

In addition, petitioner complains that he was not provided a copy of the confidential phone transcripts and asks the court to review them to "verify their lack of evidentiary value." However, petitioner does not suggest that his phone calls were not properly transcribed or that the hearing examiner was incorrect to summarize the gist of the calls as being petitioner's "coordinating drug transactions." Thus, again the confidentiality of the transcripts did not prevent petitioner from raising his defense.

Petitioner has failed to show that the process he received before losing good time

5

credits was constitutionally inadequate. Therefore, his petition for a writ of habeas corpus will be denied and his case dismissed.

## ORDER

IT IS ORDERED that petitioner Manuel Romero-German's petition for a writ of habeas corpus is DENIED for his failure to show that he is in custody in violation of the Constitution or the laws of the United States and this case is DISMISSED.

Entered this 20th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge